UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CITY OF MIAMI FIRE FIGHTERS' AND POLICE OFFICERS' RETIREMENT TRUST, and INTERNATIONAL UNION OF OPERATING ENGINEERS PENSION FUND OF EASTERN PENNSYLVANIA AND DELAWARE, individually, and on behalf of all others similarly situated,

                              Plaintiffs,

-against-

CVS HEALTH CORPORATION, LARRY J. MERLO, DAVID M. DENTON, JONATHAN C. ROBERTS, ROBERT O. "ROCKY" KRAFT, AND EVA C. BORATTO,

                              Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/9/2019

19 Civ. 1725 (AT) (BCM)

**ORDER**

ANALISA TORRES, District Judge:

      This is a securities class action brought on behalf of a putative class of investors ("the Class") who purchased or otherwise acquired Defendant CVS Health Corporation ("CVS Health") securities between February 9, 2016 and February 20, 2019. Compl. ¶ 1, ECF No. 38. The Class claims violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, *see* 15 U.S.C. §§ 78j(b), 78t(a), as well as Securities Exchange Commission Rule 10b-5, *see* 17 C.F.R. § 240.10b-5. *Id.*

      Plaintiffs move under 28 U.S.C. § 1404(a) to transfer this action to the United States District Court for the District of Rhode Island for all purposes. Pl. Mot., ECF No. 53. Defendants oppose transfer. Def. Opp., ECF No. 58. For the reasons stated below, Plaintiffs' motion is GRANTED.

      "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). A court performs a two-part inquiry when determining if transfer is appropriate. First, the court determines if the action is one that "might have been brought in the transferee court." *In re Collins & Aikman Corp. Sec. Litig.*, 438 F. Supp. 2d 392, 394 (S.D.N.Y. 2006) (internal quotation marks omitted). Then, the court evaluates whether transfer is appropriate based on the "convenience of parties and witnesses" and "the interest of justice." 28 U.S.C. § 1404(a); *see also N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting out factors for § 1404(a) analysis). "In deciding a motion to transfer, courts commonly consider factors such as: (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, (7) the relative means of the parties, (8) the forum's familiarity with the governing

law, and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." *City of Sterling Heights Police & Fire Ret. Sys. v. Kohl's Corp.*, No. 13 Civ. 5158, 2013 WL 5656086, at *1 (S.D.N.Y. Oct. 9, 2013).

"Though courts typically grant section 1404(a) transfers on motions by defendants, a plaintiff is not precluded from seeking transfer even though it had the original choice of forum. Such motions should not be treated differently than those brought by defendants: transfer is permissible if it would be in the interest of justice." *Nipponkoa Ins. Co. v. Ceva Logistics, U.S., Inc.*, No. 11 Civ. 9040, 2012 WL 2550278, at *1 (S.D.N.Y. July 2, 2012) (internal quotation marks and citations omitted).

Here, the prerequisites for transfer to the District of Rhode Island are satisfied. This action could have been filed in that court. It is undisputed that at the time of filing, the District of Rhode Island would have had personal jurisdiction and subject matter jurisdiction over Defendants, and venue would have been proper in that court. Pl. Mot. at 2; Def. Opp. at 1.

Transfer is also appropriate based on the convenience of witnesses, the location of relevant documents and relative ease of access to sources of proof, the locus of operative facts, and the availability of process to compel the attendance of unwilling witnesses. *See N.Y. Marine*, 599 F.3d at 112. Three of the five individual Defendants reside in Rhode Island and none reside in New York, Pl. Mot. at 2, CVS Health is headquartered in Rhode Island, Compl. ¶¶ 2, 37, most of the witnesses in this action are in Rhode Island,[1] and the relevant documents in this action are in Rhode Island, Pl. Mot. at 3. Although Defendants argue that transfer to Rhode Island is not warranted because they "do not contend that the SDNY is an inconvenient forum," Def. Opp. at 3, CVS Health "having [its] headquarters and principal businesses" in Rhode Island cannot not be heard to complain that a transfer to the District of Rhode Island (where CVS Health's headquarters are located) would "cause [it] any great inconvenience as compared to this district." *Stroud Prods. & Enters., Inc. v. Castle Rock Entm't, Inc.*, No. 07 Civ. 8638, 2009 WL 2391676, at *3 (S.D.N.Y. Aug. 4, 2009).

Moreover, the locus of operative facts in this case is Rhode Island because the alleged misrepresentations and omissions were conceived, created, and disseminated there by Defendants and other employees. Pl. Mot. at 3. *See, e.g.*, *Adair v. Microfield Graphics, Inc.*, No. 00 Civ. 0629, 2000 WL 1716340, at *2 (S.D.N.Y. Nov. 16, 2000) (locus of operative fact where defendants prepared and issued "allegedly misleading press releases and financial statements"). Although Defendants contend that the locus of operative facts is in this District because of "allegedly false and misleading statements made at CVS's Analyst Days, which took place in this [D]istrict," Def. Opp. at 4 (internal quotation marks omitted), "[w]here relevant

---

[1] Plaintiffs state that their witnesses include "CVS Health employees who would have reviewed internal reports, participated on conference calls and collected statements from aggrieved customers concerning the [long-term care] business" and who "worked in CVS Health's headquarters in Rhode Island, as did the CVS Health employees who interacted directly with the Individual Defendants and helped draft the Company's public disclosures." Pl. Mot. at 2. Defendants counter that some of Plaintiffs' confidential witnesses worked or reside in New York, Def. Opp. at 3; however, these witnesses worked or reside in *upstate* New York, which falls within the jurisdiction of the Northern District of New York, not the Southern District of New York. *See* Compl. ¶¶ 50, 60, 62; *see also* 28 U.S.C. § 112. Accordingly, this factor weighs in favor of transfer.

decision making occurred at company headquarters in another district, [] statements made at analyst conferences have not driven courts' transfer decisions," *In re Anadarko Petroleum Corp.*, No. 10 Civ. 05894, 2012 WL 12894796, at *9 (S.D.N.Y. Mar. 19, 2012). Indeed, as Plaintiffs point out, CVS Health's headquarters in Rhode Island are at the factual epicenter of this case, and appear to be the locus of all relevant decision making. "[T]he allegedly false and misleading statements and omissions in CVS Health's SEC filings, press releases, conference calls and investor presentations were discussed, developed, and/or disseminated from CVS Health's headquarters. In addition, discussions of placing the [long-term care] business within the retail segment and disclosing problems in the [long-term care] business took place there as well, since four of the five individual defendants worked there and the fifth, Defendant Kraft, communicated with CVS Health's headquarters regularly." Pl. Mot. at 2. Therefore, although "[t]his Court cannot say with certainty that [Rhode Island] is the only locus of operative facts giving rise to this action, [] certainly a substantial portion of the acts and omissions in dispute occurred [there]," and, therefore, this factor favors transfer. *Nipponkoa Ins. Co.*, 2012 WL 2550278, at *3.

The Court has also considered the other traditional factors, *see supra*, and finds that they are, at most, neutral as between the two districts here being considered. Both parties have the means to litigate in either Rhode Island or this District, and this Court and Rhode Island are well-versed in the federal securities laws. *See In re Collins*, 438 F. Supp. 2d at 399. There are also no cases concerning this subject matter pending in either Rhode Island or here, thus the case will proceed efficiently in either forum. *See id.* The Court also finds that Plaintiffs' choice of forum is neutral because although Janak Anarkat filed the initial complaint in this matter, he never sought to be lead plaintiff and is no longer a named plaintiff, and Plaintiffs who were named lead plaintiffs, ECF No. 31, did not select this forum and, in fact, "strongly prefer to litigate in [Rhode Island] because it is the locus of operative facts, witnesses and evidence." Pl. Mot. at 4.[2]

Accordingly, for the foregoing reasons, Plaintiffs' motion to transfer is GRANTED in the interests of justice. The Clerk of Court is directed to transfer this case to the United States District Court for the District of Rhode Island.

SO ORDERED.

Dated: August 9, 2019
       New York, New York

_____
ANALISA TORRES
United States District Judge

---

[2] Defendants argue that Plaintiffs must show that there was a change of circumstances that warrants transferring the action. Def. Opp. at 2. The Court disagrees. "While courts in this District have, at times, looked for changed circumstances to justify transferring venue when transfer is requested by the plaintiff who originally chose the forum, a showing of changed circumstances is not required if transfer is in the interests of justice." *Posven, C.A. v. Liberty Mut. Ins. Co.*, 303 F. Supp. 2d 391, 407 (S.D.N.Y. 2004) (internal citations omitted) (collecting cases). The Court finds that the transfer is in the interests of justice.

3